

FILED

September 6, 2017

IN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 7:15 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| ALYCE COKER, | ) | Docket No. 2016-06-0194 |
| Employee, | ) | |
| v. | ) | |
| FLEETWOOD HOMES, INC., | ) | State File No. 29379-2015 |
| Employer, | ) | |
| and | ) | |
| SENTRY CASUALTY COMPANY | ) | Judge Joshua Davis Baker |
| Carrier. | ) | |

## COMPENSATION HEARING ORDER

This matter came before the Court for a compensation hearing on August 23, 2017. The parties settled initial benefits, so the only issue is Ms. Coker's entitlement to increased permanent partial disability benefits under Tennessee Code Annotated section 50-6-207(3)(D) (2016). The central legal issue is whether Ms. Coker voluntarily resigned her employment with Fleetwood Homes, precluding recovery of increased benefits. The Court holds that Ms. Coker voluntarily resigned her employment, denies her claim for increased benefits, and dismisses her case.

## History of Claim

Ms. Coker fell on a wet floor, suffering a compression fracture of her L1 vertebrae on April 17, 2015, while working as a customer service representative for Fleetwood Homes. Ms. Coker received authorized medical treatment and temporary disability benefits. Dr. M. Robert Weiss, the authorized physician, assigned Ms. Coker 12% permanent impairment to the body as a whole and released her to return to work on September 17, 2015. Afterward, the parties agreed on $15,256.62 in permanent partial disability benefits, or fifty-four weeks of benefits, at a compensation rate of $282.53 per week. This payment satisfied all permanent partial disability benefits for Ms. Coker's

initial compensation period, which expired on September 29, 2016. The parties disagree over whether Ms. Coker may recover additional permanent partial disability benefits.

At its essence, the disagreement concerned whether climbing the open-riser staircase to reach her second-floor work area five times each day was within Ms. Coker's permanent restrictions. She returned to work for Fleetwood Homes at the same rate of pay on November 17, 2015, but then resigned her employment two days later to avoid climbing the staircase. She acknowledged her job duties were not strenuous and her restrictions did not foreclose clerical, sedentary work. However, the staircase was the only way to reach her department. Typically, she climbed the staircase in the morning to reach her desk, to return from her lunch break and to return from her mid-morning and mid-afternoon breaks. She also used the stairs to retrieve mail if requested. However, Ms. Coker only climbed the staircase once on the 17th and once on the 18th; in doing so, she experienced so much pain that she declined to return from lunch both days. Ms. Coker testified she declined Dr. Weiss' offer of prescription medication to reduce pain because she feared addiction.

Dr. Weiss provided differing permanent restrictions about stair-climbing when he released Ms. Coker to return to work in September 2015. On the same day, Dr. Weiss signed one note reading, "Avoid stair climbing," and also signed a statement reading, "[A]void repetitive stair climbing if possible." Ginger Swindle, human resources representative for Fleetwood Homes, testified she needed clarification from Dr. Weiss about the word "avoid." A month later, Dr. Weiss signed a third note reading, "Pt. can go up and down stairs 4-6 times per day." In his deposition, Dr. Weiss supposed the change occurred because someone asked him to be more specific regarding Ms. Coker's stair-climbing limitation – perhaps even asking him if four to six times a day was reasonable. He said four-to-six times would have "seemed, you know, reasonable" but that he "arrived at that statement through some pathway that I just don't remember now two years later."

Although she denied requesting the restriction, Dr. Weiss testified that Ms. Coker "had a particular aversion" to stair-climbing and that "she specifically requested . . . restricted activity regarding the stairs." He further testified that "typically, after a compression fracture, [he] would not specifically list stair climbing" as a permanent restriction. Dr. Weiss attributed Ms. Coker's difficulty stair-climbing to her weight and deconditioning. He also explained Ms. Coker's reported pain is "entirely coincident and consistent with the nature of [her] injury." However, he said it was not medically harmful for her to climb stairs, "as long as she's not increasing the degree of compression deformity" while healing. Dr. Weiss stated Ms. Coker's compression deformity had healed at the time he released her.

2

Ms. Coker affirmed that she did not work anywhere after leaving Fleetwood Homes and interviewed for "only one job" in April 2016 as a dispatcher with the Sumner County Sheriff's Office. She later clarified she had applied for "some" other dispatcher jobs as well. Although she has customer service experience, she did not apply for those jobs because she did not want to drive more than thirty minutes from her home in Trousdale County. While she drove to Lebanon for her previous employment, she testified she "did not have a back injury then." She acknowledged that Dr. Weiss had not restricted her driving.

## Findings of Fact and Conclusions of Law

The only issue to be determined is whether Ms. Coker is entitled to increased permanent partial disability benefits as a result of her resignation prior to expiration of the initial compensation period. Fleetwood Homes claimed it provided Ms. Coker employment that accommodated her permanent restrictions. Ms. Coker asserted that pain from her work injury necessitated her resignation and that she is entitled to increased benefits because the limitations of her work injury precluded her employment. The Court holds that Ms. Coker failed to establish entitlement to additional benefits and denies her claim.

In order to prevail, Ms. Coker "must establish by a preponderance of the evidence that [she is] entitled to the requested benefits." *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6) (2016) ("[T]he employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence.").

If an injured employee is unemployed when the period of compensation ends, she may file a new petition for benefit determination seeking increased benefits. The amount of benefits due depends upon several factors, including the employee's age, education, and county of residence. Tenn. Code Ann. § 50-6-207(3)(B). However, if "an employee's loss of employment is due to the employee's voluntary resignation or retirement" unrelated to the work-related disability, then the Workers' Compensation Law bars recovery of increased benefits. *Id.* at 50-6-207(3)(D)(i). The cornerstone of this determination concerns whether an employee made a meaningful return to work.

Whether an employee has made a meaningful return to work is "leavened by an assessment of the reasonableness of the employee in failing to return to work." *Frye v. Vincent Printing Co.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 34, at *17 (Aug. 2, 2016), An employee's subjective belief that she cannot undertake the employment, without more, is not a reasonable basis upon which to award disability benefits, and "what is reasonable must rest upon the facts of each case." *Id.* at *18.

3

While Ms. Coker was unemployed when her initial compensation period ended, the Court finds she voluntarily resigned her employment with Fleetwood Homes, as her work injury did not prevent her from climbing the staircase. Dr. Weiss testified that it would be reasonable for Ms. Coker to climb a staircase numerous times a day, that doing so would not be harmful, that he typically does not restrict stair-climbing for a compression deformity and did so here only because of subjective complaints. He suggested Ms. Coker's deconditioned state, rather than her work injury, caused her difficulty in stair-climbing. While Ms. Coker nobly decided to guard against any risk of addiction by declining to take pain medication, her choice entails enduring pain at home and at work. In the end, Ms. Coker did not present medical evidence indicating her work injury disabled her from climbing a flight of stairs four to six times per day. In fact, Dr. Weiss stated it was possible and not harmful. Ms. Coker's subjective belief that she could not endure the staircase, without more, is not a reasonable basis upon which to award increased disability benefits. Accordingly, the Court denies her claim for increased benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Coker's claim for increased benefits is denied, and the case is dismissed with prejudice.

2. The Court assesses the $150.00 filing fee to Fleetwood Homes pursuant to Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2016), for which execution shall issue as necessary.

3. Absent an appeal of this order by either party, the order shall become final thirty days after issuance.

**ENTERED ON THIS THE** 6TH **DAY OF SEPTEMBER, 2017.**

_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

4

## APPENDIX

Exhibits:

1. Dr. M. Robert Weiss' Deposition Transcript
2. Collective Exhibit of July 6, 2015 Restrictions from Dr. M. Robert Weiss and the Curriculum Vitae of Dr. M. Robert Weiss
3. Staircase Photograph
4. Social Security Administration Disability Report
5. Restrictions from Dr. M. Robert Weiss Dated July 6, 2015
6. Restrictions from Dr. M. Robert Weiss Dated October 16, 2015
7. Separation Notice

Technical record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Scheduling Hearing
4. Employer's Pre-Hearing Statement
5. Employee's Pre-Trial Memorandum
6. Joint Pre-Compensation Hearing Statement
7. Dr. M. Robert Weiss' Deposition

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the 6th day of September, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Mark Lambert, Employee's Attorney | | | X | mlambert@forthepeople.com; lhaywood@forthepeople.com; |
| Lee Anne Murray, Employer's Attorney | | | X | leeamurray@feeneymurray.com; sheliasnipes@feeneymurray.com |

_____
**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**